**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Rias Odell Isaac, Appellant.

Appellate Case No. 2019-000303

———————

Appeal From Berkeley County
R. Markley Dennis, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-209
Submitted May 1, 2021 – Filed June 9, 2021

———————

**AFFIRMED**

———————

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jonathan Scott Matthews, both of Columbia; and Solicitor Scarlett A. Wilson, of Charleston, all for Respondent.

———————

**PER CURIAM:** Rias Odell Isaac appeals his convictions on charges of armed robbery, kidnapping, and possession of a weapon during the commission of a violent crime and his concurrent sentences of life imprisonment without the

possibility of parole on the armed robbery and kidnapping charges.[1]  Isaac argues the trial court violated the best evidence rule by allowing his former fiancée to testify she recognized him as the perpetrator from a photograph in a press release about the incident.  We affirm.

Although Rule 1002, SCRE, which is better known as the best evidence rule, requires submission of "the original writing, recording, or photograph . . . except as otherwise provided in these rules or by statute," this requirement applies only if the proponent of the evidence seeks "[t]o prove the content of [the] writing, recording, or photograph."  In the present case, the State did not call the witness to "prove the content of" the photograph.  Rather, the purpose of her testimony was to provide an explanation as to how Isaac was developed as a suspect in the robbery.  Therefore, we hold the trial court acted within its discretion in admitting the witness's testimony.  *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *State v. Halcomb*, 382 S.C. 432, 443-44, 676 S.E.2d 149, 154-55 (Ct. App. 2009) (noting the question of whether to admit evidence under the best evidence rule is also addressed to the trial court's discretion).

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[1] The trial court also sentenced Isaac to four years' imprisonment on the weapons charge but gave him credit for the four years he had served while awaiting trial.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.